■ The People of the State of New York, Respondent, v Teofilo Cortes, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered November 26, 1979, convicting him of criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

A sale of an ounce of cocaine gave rise to the charge on which defendant was convicted. Defendant was charged with acting in concert with his codefendants (Penal Law § 20.00). The record indicates that defendant knew of the proposed drug sale and that he expected to profit from the transaction. Consequently, on June 9, 1979, defendant knowingly agreed to ride from The Bronx to a rest area on the Long Island

Expressway, the situs of the drug exchange, and was enlisted to act as a guard for the seller. After the sale was completed, defendant, who admitted having a $50 a day drug habit, received payment in the form of free cocaine.

Although the record also indicates that defendant never had physical possession of the drugs, he did remain in the car alone with the drugs which were the subject of the sale while the seller negotiated with the undercover officer-buyer. The above-stated facts are legally sufficient to find that defendant was an accomplice to his codefendants who physically possessed the drug. Consequently, defendant could properly be found guilty of the crime charged (*see, People v Feliciano,* 32 NY2d 140). Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.