■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DEAN, Appellant. [606 NYS2d 290] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered December 3, 1992, convicting him of criminal possession of a controlled substance in the third degree under Queens County Indictment No. 10744/92, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered December 3, 1992, revoking a sentence of probation previously imposed under Queens County Indictment No. 1957/89, by the same court (Griffin, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of burglary in the third degree.

Ordered that the judgment and amended judgment are affirmed.

The People's evidence established that on March 3, 1992, a police officer observed the defendant's coperpetrator retrieving vials of crack-cocaine from a paper bag concealed from behind a trash dumpster and selling them to various unidentified people. During each of the five transactions observed, the coperpetrator handed the purchase money to the defendant. On two occasions, the defendant gave some of the money back to his coperpetrator, as if "making change". Upon the defendant's arrest, the police officer recovered $70 from the defendant and $25 from his coperpetrator.

The issue of the legal sufficiency of the evidence is not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the third degree. Even though a defendant may not have physical

possession of the drugs, evidence that he was an accomplice to a coperpetrator who did have possession of the drugs is legally sufficient to uphold a conviction of criminal possession of a controlled substance *(see, People v DeAndressi,* 146 AD2d 642; *People v Payne,* 135 AD2d 746; *People v Sargente,* 133 AD2d 862; *People v Cortes,* 112 AD2d 946; *People v Diaz,* 112 AD2d 311). Here, the coperpetrator had constructive possession of the narcotics by virtue of his exercise of "dominion and control" over them *(see,* Penal Law § 10.00 [8]; *People v Manini,* 79 NY2d 561, 573). Inasmuch as the defendant "intentionally aid[ed]" him to commit the offense of possession of a controlled substance by collecting and controlling the purchase money, he is accountable for possessing the crack-cocaine under a theory of accessorial liability *(see,* Penal Law § 20.00; *see also, People v Manini, supra).* Further, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find no merit to the defendant's contention that the court's charge required the jury to find that the defendant himself constructively possessed the drugs. In any event, even assuming that the charge suggested such a finding, the evidence was sufficient to establish that the defendant constructively possessed the drugs *(cf., People v Manini, supra).*

In view of our determination, there is no basis for vacatur of the defendant's admission that he violated a condition of the sentence of probation previously imposed under Indictment No. 1957/89 *(cf., People v Clark,* 45 NY2d 432).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Miller and Lawrence, JJ., concur.