*419
 
 OPINION OF THE COURT
 

 Smith, J.
 

 The issue in this case of attempted murder is whether the evidence was legally sufficient to establish defendant’s guilt. We conclude that it was and we modify the order of the Appellate Division.
 

 There is evidence in the record that on the night of July 23, 1990, shortly after 10:00 p.m., Shanequa Fanning encountered her ex-boyfriend, Dwayne Henry, outside her building. She agreed to accompany him to meet a mutual friend, defendant Keith Cabey. They met defendant at the apartment building of defendant’s cousin, Michael Parsons. Defendant produced keys to the apartment and the three went inside. Henry and the complainant went into a bedroom while defendant remained in the living room watching television. A fight ensued between Henry and the complainant over "why [Ms. Fanning] did not want to be with [Henry] any more.” While the two were in the bedroom, Henry physically assaulted, then raped the complainant. Defendant took no part in these actions against the complainant.
 

 At some point during the evening, Henry came out of the back room, removed a gun from his pocket and asked defendant where he could put it. Defendant indicated that he should place it beneath a chair cushion. At another point, Henry, who had been pacing up and down the apartment’s hallway, exclaimed in an angry and agitated tone, "We’re going to f---this b____up”. At approximately 11:00 p.m. defendant’s cousin, Parsons, returned home. Shortly after Parsons’ arrival, the defendant showed him where Henry’s handgun had been hidden. As the defendant lifted the chair cushion where the weapon was concealed, he said, "Look what I got”.
 

 A while later, defendant told Parsons, "We’re leaving now, there might be some problems.” As the defendant, Henry and the complainant exited the apartment, defendant immediately headed for the stairwell. Henry shoved the complainant towards the stairwell and then continued to shove her down some six flights of stairs with the defendant following not far
 
 *420
 
 behind. Once they had reached the tenth floor landing, Henry stopped and demanded that the complainant kiss him. When she refused, he told her, "You kiss me because it’s going to be the last person you ever kiss.” He then took out a hand gun and shot the complainant five times in the stomach. Immediately after the shooting, Henry and the defendant ran down several flights of stairs. Moments later, however, they both returned to the tenth floor landing, whereupon Henry shot the complainant two more times, both of them in her back. Henry and the defendant fled separately to Washington, D.C., where they were eventually apprehended.
 

 Defendant was convicted, after a jury trial, of attempted murder in the second degree and criminal possession of a weapon in the third degree. The Appellate Division modified the judgment of the Supreme Court by vacating the conviction for attempted murder in the second degree and dismissing that count of the indictment. The Court determined that the People had failed to establish that defendant shared Henry’s intent to kill the complainant or that he participated in the attempt on the complainant’s life. Justice Kupferman dissented, concluding that the facts "lead inexorably to the conclusion that the defendant was a party to attempted murder in the second degree” (199 AD2d, at 200).
 

 A Justice of the Appellate Division granted the People leave to appeal to this Court and a Judge of this Court granted defendant leave to appeal from the Appellate Division order insofar as it affirmed the conviction for criminal possession of a weapon. Before this Court, defendant now concedes that the evidence was sufficient to establish his constructive possession of a weapon and prays only for an affirmance. Thus, the rest of this opinion focuses only on the People’s appeal.
 

 Initially, we note that the standard of review in determining whether the evidence before the jury was legally sufficient to support a finding of guilt beyond a reasonable doubt is whether the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to conclude that the elements of the crime had been proven beyond a reasonable doubt
 
 (People v Contes,
 
 60 NY2d 620, 621;
 
 see also, People v Bleakley,
 
 69 NY2d 490, 495;
 
 Jackson v Virginia,
 
 443 US 307, 319). Contrary to the conclusion of the Appellate Division, this is not a case based solely on circumstantial evidence requiring the finder of fact to establish defendant’s guilt to a "moral certainty”
 
 (People v Wong,
 
 81
 
 *421
 
 NY2d 600). Even if this were a case based upon circumstantial evidence alone, the appellate review is the same — whether the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to conclude that the elements of the crime have been proven beyond a reasonable doubt
 
 (People v Williams,
 
 84 NY2d 925). Both the complainant and defendant’s cousin, Michael Parsons, provided direct evidence of defendant’s participation in the crime. The facts adduced created a factual issue with respect to the defendant’s intent which the jury resolved against the defendant.
 

 Turning now to the facts, we note that defendant’s presence at the scene of the crime, alone, is insufficient for a finding of criminal liability
 
 (People v Sanchez,
 
 61 NY2d 1022, 1023). We hold, however, that the evidence, viewed in the light most favorable to the People, is sufficient to establish defendant’s guilt of the attempted second degree murder of Shanequa Fanning. The jury could reasonably have found that the defendant was an accomplice
 
 (see,
 
 Penal Law § 20.00) and that the elements of the crime had been proven beyond a reasonable doubt.
 

 A "community of purpose”
 
 (People v Allah,
 
 71 NY2d 830, 832), as well as defendant’s full knowledge of Henry’s intentions, was, arguably, evidenced by his actions herein. When Dwayne Henry met the complainant outside her building and convinced her to take a walk with him, he had already prearranged with defendant to meet at the apartment building of defendant’s cousin. Defendant facilitated Henry’s plan by not only providing Henry with an excuse to have the complainant accompany him without objection, but also by providing an isolated place for Henry to carry out his plan. Defendant’s indication to his cousin,
 
 "We’re
 
 leaving now, there might be some problems,” arguably revealed his knowledge of and involvement in Henry’s plan as well as their collective objective
 
 (see, People v Whatley,
 
 69 NY2d 784). Critical to a reasonable inference of defendant’s guilt here was his choice to return with Henry to the scene of the shooting and stand by while Henry shot the victim two more times
 
 (see, People v Allah,
 
 71 NY2d 830,
 
 supra
 
 [even if accomplice did not know of principal’s intent at the start of shooting, his participation after principal’s intent became clear warranted conviction]).
 

 Far from exhibiting a lack of knowledge on defendant’s part, these actions could clearly support a finding of defendant’s guilt of attempted murder in the second degree. The
 
 *422
 
 issue of defendant’s intent was one of fact for the jury. Throughout the entire time in which the defendant, Henry and complainant were in defendant’s cousin’s building and afterwards, defendant’s conduct, arguably, not only provided evidence of a common purpose and a collective objective, but evinced a consciousness of guilt. Clearly, the jury’s verdict that defendant was guilty of attempted second degree murder for his knowledge of, participation in and facilitation of Dwayne Henry’s plan to kill complainant, was based on legally sufficient evidence.
 

 Accordingly, the order of the Appellate Division should be modified by reinstating defendant’s conviction for attempted murder in the second degree and the sentence imposed thereon and deleting the Appellate Division’s direction remanding the matter for resentencing as to the gun possession conviction, and the case remitted to the Appellate Division for consideration of the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]) and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order modified and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.