■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY PRYSOCK, Appellant. [637 NYS2d 860] —Judgment unanimously affirmed. Memorandum: Defendant contends that the evidence is legally insufficient to support his conviction of manslaughter in the first degree and criminal possession of a weapon in the second degree. The evidence, viewed in the light most favorable to the People, could lead a rational trier of fact

to conclude that the elements of the crimes had been proven beyond a reasonable doubt *(see, People v Cabey,* 85 NY2d 417, 420-421). The jury could have found credible the testimony of the three eyewitnesses who stated that defendant, not his codefendant, shot the victim.

Defendant did not preserve for our review his contention that, after summarizing the law on causation, the prosecutor improperly said, "It's that simple" *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641, 642). Were we to exercise our power to review that contention as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]), we would conclude that the remark did not tend to prejudice the jury, and was not improper in light of the defense summation, which suggested that the victim's death was caused by negligent medical treatment *(see, People v Halm,* 81 NY2d 819, 821).

Supreme Court properly determined that the photo array identification procedures used by the investigating officer were not unduly suggestive *(see, People v James,* 185 AD2d 702, *lv denied* 80 NY2d 930). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Himelein, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.