■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FICARROTA, Appellant. [651 NYS2d 548] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered March 6, 1995, convicting him

of attempted murder in the second degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant and the codefendant were charged with attempted murder and related crimes arising from the shooting of the victim. The case against them was wholly circumstantial and relied primarily on the testimony of the victim. The victim testified that on August 26, 1993 he, the codefendant, and the defendant drove from Manhattan to Queens via the Midtown Tunnel. Shortly after exiting the tunnel, the codefendant stopped the car in a deserted area, exited the vehicle, and went to the trunk. In the meantime, the defendant got out of the car and began to walk away. The victim stated that, by the time the codefendant returned from the trunk, the defendant was leaving the area and that he eventually disappeared from sight. The next thing that the victim remembered was waking up in the hospital sometime in September, and discovering that he had been shot seven times, presumably by the codefendant. No evidence was adduced that the defendant in any way solicited or intentionally aided the codefendant in shooting the victim *(see,* Penal Law § 20.00). Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally insufficient to establish the defendant's guilt of attempted murder in the second degree and assault in the first degree beyond a reasonable doubt. The evidence merely establishes the defendant's presence at the crime scene, which is insufficient for a finding of criminal liability *(see, People v Cabey,* 85 NY2d 417; *People v Sanchez,* 61 NY2d 1022).

In addition, there was no evidence adduced to conclude that the defendant knew that the codefendant was armed on the night in question or that he intended to shoot the victim. Thus the People failed to prove beyond a reasonable doubt that the defendant shared a community of purpose with the codefendant to kill the victim or to cause him serious physical injury *(see,* Penal Law § 125.25 [1]; § 120.10 [1], [2]; *People v Cabey, supra; People v Allah,* 71 NY2d 830).

In view of the foregoing, we need not reach the defendant's remaining contentions. Bracken, J. P., Pizzuto, Santucci and Florio, JJ., concur.