■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [713 NYS2d 346] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered April 7, 1997, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to concurrent terms of 18 years to life, 15 years, 10 years, and 7 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The totality of the evidence, particularly with regard to defendant's conduct as his companion fired at the victims (see, People v Cabey, 85 NY2d 417), warranted the inference that when defendant handed a weapon to his companion he did so as an intentional participant in the ensuing murder. The evidence also warranted the inference that the murder victim died as a result of the wounds inflicted during the incident in question, and defendant's claim that he may have survived those wounds only to be shot and killed at a subsequent time is speculative.

The court properly exercised its discretion in denying defendant's mistrial motion made as a result of communications from the deliberating jury concerning a juror's alleged reluctance to follow the law (People v Lombardo, 61 NY2d 97, 103-104). Defendant's remaining claims in this regard are unpreserved (id.), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court properly exercised its discretion in responding to these communications by delivering a noncoercive instruction to the effect that all jurors were obligated to follow the law as charged. Concur—Sullivan, P. J., Williams, Ellerin, Wallach and Friedman, JJ.