■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH CANEPA, Respondent. [745 NYS2d 153] —Order, Supreme Court, New York County (Edwin Torres, J.), entered on or about November 6, 2000, which granted defendant's motion to set aside a jury verdict finding him guilty of four counts of bribery in the third degree, and dismissed the indictment, unanimously affirmed.

To the extent that the trial court set aside the verdict as against the weight of the evidence, this was beyond its powers (People v Colon, 65 NY2d 888). However, the court properly set aside the verdict based on legal insufficiency since the People failed to establish defendant's guilt as to every element of the offense charged. The well-known standard of review in determining the legal sufficiency of evidence to support a guilty verdict is "whether the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to conclude that the elements of the crime had been proven beyond a reasonable doubt" (People v Cabey, 85 NY2d 417, 420).

In the instant matter, the People alleged that defendant, an attorney, conferred, or offered or agreed to confer, a benefit upon a court clerk in return for the clerk's assistance in expediting matrimonial cases. However, the evidence established only that there was an agreement for the clerk to perform paralegal services for defendant and for defendant to compensate the clerk at the prevailing rate for such paralegal services. The paralegal services, which were actually performed, involved the preparation of documents in uncontested divorces, a matter in which the clerk had expertise. The expediting of some of defendant's cases was an accommodation that was commonly granted to other attorneys, and for which defendant neither paid nor was asked for compensation.

The evidence failed to establish an "agreement," and also failed to prove the disjunctive requirement of an "understanding" (Penal Law § 200.00). The People were required to prove an understanding "in the mind of the bribe maker that the bribe receiver would effectuate the proscribed corruption of public process and was affected to do so by the *actus reus* of this particular crime" (*People v Bac Tran*, 80 NY2d 170, 177). The mere hope that the public servant would be influenced by the benefit offered or conferred is insufficient (*id.*).

The requisite agreement or understanding cannot be inferred from the evidence. There was no evidence supporting an inference of an agreement or understanding that defendant would continue to provide the clerk with paralegal work in return for assistance in expediting cases. Furthermore, in response to clarifying questions, the clerk specifically testified that he received nothing extra for expediting cases, and that there was no agreement to that effect.

We have considered the People's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Marlow, JJ.