■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC THOMPSON, Appellant. [769 NYS2d 754]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered May 2, 2002, convicting him of robbery in the first degree (six counts), robbery in the second degree (three counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (three counts), criminal possession of stolen property in the fifth degree (three counts), and criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to prove beyond a reasonable doubt that he was aided by another actually present is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858 [1987]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish all of the elements of robbery in the second degree (*see* Penal Law § 160.10 [1]; *People v Cabey,* 85 NY2d 417, 421-422 [1995]; *People v Allah,* 71 NY2d 830, 832 [1988]; *People v Borrero,* 26 NY2d 430, 436 [1970]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The prosecutor's reference in summation to alleged statements made by the defendant that were not introduced into evidence, while improper, was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins,* 36 NY2d 230 [1975]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Prudenti, P.J., Altman, Smith and Crane, JJ., concur.