■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY REID, Appellant. [812 NYS2d 472]—

Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered March 13, 2002, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the first degree (16 counts) and criminal possession of a weapon in the third degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, unanimously affirmed.

The court properly denied defendant's suppression motion. An identified citizen informant is presumptively reliable (*see People v Parris*, 83 NY2d 342, 349 [1994]), and the basis of an informant's knowledge may be inferred from the circumstances (*see People v Campbell*, 215 AD2d 120, 120-121 [1995], *affd* 87 NY2d 855 [1995]). A store clerk's complaint that defendant had used a counterfeit bill moments earlier supplied probable cause for defendant's arrest, particularly where defendant's pattern of suspicious conduct, involving brief entries into a series of stores over an extended period of time, had already attracted the attention of the police (*see generally People v Bigelow*, 66 NY2d 417, 423 [1985]). It was reasonable for the officer to conclude that the clerk was sufficiently familiar with counterfeit money to make a valid complaint, and the clerk's complaint tended to explain defendant's behavior.

The verdict was based on legally sufficient evidence and was

not against the weight of the evidence. The evidence established that defendant was part of a group engaged in a scheme to possess counterfeit bills (*see* Penal Law § 20.00), and that he was a joint possessor of all the counterfeit bills that were instrumentalities of the criminal enterprise, including those bills recovered from, or discarded by, a codefendant (*see e.g. People v Dean*, 200 AD2d 582 [1994], *lv denied* 83 NY2d 871 [1994]). We have considered and rejected defendant's remaining sufficiency arguments.

The court properly denied defendant's request for a circumstantial evidence charge as to the bills not recovered from his own person since the evidence of his accessorial liability was both direct and circumstantial (*see People v Roldan*, 88 NY2d 826 [1996]; *People v Smith*, 268 AD2d 210 [2000], *lv denied* 95 NY2d 804 [2000]; *People v DeJesus*, 256 AD2d 59 [1998], *lv denied* 93 NY2d 969 [1999]). Concur—Andrias, J.P., Saxe, Friedman, Marlow and Sullivan, JJ.