Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered February 14, 2013, convicting him of attempted criminal possession of a controlled substance in the second degree, criminal possession of a weapon in the second degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant and six codefendants were charged under an *1131 acting-in-concert theory with, inter alia, attempted criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree. At a jury trial, the People presented evidence that one of the codefendants, James Jones, set up a meeting with an individual named Joseph Azoro to purchase six ounces of cocaine in front of a building located in the Edgemere housing projects in Queens. Azoro was found later that day in front of the entrance to that building with a gunshot wound to his abdomen. Although there was no proof that the defendant was present when Azoro was shot, the People alleged that he was liable, under an acting-in-concert theory, for the crimes of attempted criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree. The People asserted, among other things, that the defendant assisted in the commission of these crimes by making phone calls to help lure Azoro to the housing project and by telling Jones where guns could be located. The jury returned a verdict finding the defendant guilty of, inter alia, attempted criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree. We affirm.
The statutory definition of accessory liability provides that “[w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct” (Penal Law § 20.00). Inasmuch as the statute requires that the accomplice act with the mental culpability required for the commission of the underlying crime, an accomplice must have a shared intent, or “community of purpose” with the principal (People v Cabey, 85 NY2d 417, 421 [1995] [internal quotation marks omitted]; see People v Allah, 71 NY2d 830, 832 [1988]; People v Carter, 293 AD2d 484, 485 [2002]). In addition to the mens rea requirement, the statute includes an actus reus component as well: “the accomplice must have intentionally aided the principal in bringing forth a result” (People v Kaplan, 76 NY2d 140, 146 [1990] [emphasis omitted]). Accordingly, “[a]ccomplice liability requires, at a minimum, awareness of the proscribed conduct and some overt act in furtherance of such” (People v Hibbert, 282 AD2d 365, 366 [2001]). “The key to [the] analysis is whether a defendant intentionally and directly assisted in achieving the ultimate goal of the enterprise” (People v Bello, 92 NY2d 523, 526 [1998]).
Here, the defendant was convicted of, among other crimes, *1132 attempted criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree. Penal Law § 220.18 provides that “[a] person is guilty of criminal possession of a controlled substance in the second degree when he or she knowingly and unlawfully possesses . . . one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of four ounces or more” (Penal Law § 220.18 [1]).
“A defendant is guilty of an attempt to commit a crime when, with intent to commit a crime, he [or she] engages in conduct which tends to effect the commission of such crime” (Penal Law § 110.00; see People v Naradzay, 11 NY3d 460, 466 [2008]). In order to constitute an attempt, the defendant’s “conduct must have passed the stage of mere intent or mere preparation to commit a crime” (People v Mahboubian, 74 NY2d 174, 189 [1989]; see People v Naradzay, 11 NY3d at 466). In other words, the defendant must have “engaged in conduct that came ‘dangerously near’ commission of the completed crime” (People v Kassebaum, 95 NY2d 611, 618 [2001], quoting People v Acosta, 80 NY2d 665, 670 [1993]). “The ‘dangerously near’ standard does not, however, mandate that the defendant take ‘the final step necessary’ to complete the offense” (People v Naradzay, 11 NY3d at 466, quoting People v Mahboubian, 74 NY2d at 190; see People v Bracey, 41 NY2d 296, 300 [1977]).
Here, the evidence was legally sufficient to establish, beyond a reasonable doubt, the defendant’s guilt of attempted criminal possession of a controlled substance in the second degree. The evidence presented by the People demonstrated that the codefendants came “dangerously near” the commission of the completed crime (People v Mahboubian, 74 NY2d at 192), and that they therefore engaged in conduct which constituted the offense of attempted criminal possession of cocaine in the second degree (see Penal Law § 20.00; People v Acosta, 80 NY2d at 671; People v Bens, 5 AD3d 391, 391-392 [2004]; see also People v Kassebaum, 95 NY2d at 618-619; accord People v Acosta, 198 AD2d 285, 285-286 [1993]). In addition to establishing that the underlying crime of attempted possession had been committed, the People also demonstrated that the defendant shared a “community of purpose” with the codefendants with respect to obtaining possession of Azoro’s cocaine (People v Cabey, 85 NY2d at 421 [internal quotation marks omitted]). The recorded phone conversations between Jones and the defendant showed that the defendant was aware of the scheme to obtain Azoro’s cocaine and that he was promised a share of the *1133 proceeds if they succeeded in gaining possession of it (see People v Cortes, 112 AD2d 946, 946-947 [1985]). Furthermore, the People’s evidence showed that the defendant assisted in convincing Azoro to come to the housing project to complete the sale of the cocaine even though Azoro suspected that Jones was setting him up. The defendant called Azoro on the phone and assured him that the transaction was legitimate and that Jones was acting in good faith (see People v Ficarrota, 91 NY2d 244, 249 [1997]). Accordingly, we conclude that the evidence was legally sufficient to establish, beyond a reasonable doubt, the defendant’s guilt of attempted criminal possession of a controlled substance in the second degree. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Furthermore, we conclude that the evidence was legally sufficient to establish, beyond a reasonable doubt, the defendant’s guilt of criminal possession of a weapon in the second degree. As relevant here, a person is guilty of criminal possession of a weapon in the second degree when he or she possesses a loaded firearm outside of his or her home or place of business (see Penal Law § 265.03 [3]). “[Possession ... is complete once [an individual] has dominion and control of a weapon” (People v McKnight, 16 NY3d 43, 50 [2010]).
Here, the People presented recorded phone conversations between Jones and the defendant, during which the defendant encouraged Jones to follow though with his plan and informed him about the location of certain firearms. Additional phone conversations indicated that other codefendants who were located at the Edgemere housing projects were apprised of Jones’ scheme and that they were waiting for Azoro outside of the subject building with the intention of robbing him of the cocaine. One of the recorded phone calls between two of the codefendants concerned the location of a certain firearm, and one of the codefendants was instructed to retrieve it. The People’s evidence further demonstrated that Azoro was found outside the subject building a short time later with a recently-inflicted gunshot wound. Viewing the evidence in the light most favorable to the prosecution, and giving it the benefit of every reasonable inference to be drawn therefrom (see People v Ramos, 19 NY3d 133, 136 [2012]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant solicited, requested, commanded, importuned, or intentionally aided the individual who engaged in conduct *1134 which constituted the offense of criminal possession of a weapon in the second degree (see Penal Law § 20.00; People v Ekwegbalu, 131 AD3d 982, 983 [2015]; People v Pressley, 115 AD3d 991, 992 [2014]; People v Johnson, 94 AD3d 1408, 1409 [2012]; People v Santiago, 199 AD2d 290 [1993]). The People were not required to conclusively establish the identity of the individual who actually possessed the weapon (see People v Clark, 23 AD3d 673, 674-675 [2005]), and their failure to do so did not render the evidence legally insufficient to establish the defendant’s guilt under an acting-in-eoncert theory (see People v Hirschfeld, 282 AD2d 337, 338 [2001]; People v Taylor, 74 AD2d 177, 179 [1980]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.