People v Allen (2018 NY Slip Op 00302)





People v Allen


2018 NY Slip Op 00302


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-00490
 (Ind. No. 676/11)

[*1]The People of the State of New York, respondent,
v
Nicholas Allen, appellant.


Seymour W. James, Jr., New York, NY (Allen Fallek of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered December 16, 2014, as amended January 7, 2015, convicting him of manslaughter in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant was convicted of manslaughter in the second degree (Penal Law § 125.15[1]), criminal possession of a weapon in the second degree (Penal Law § 265.03[3]), and reckless endangerment in the first degree (Penal Law § 120.25), arising out of the shooting death of a young woman at a house party in Queens.
"The statutory definition of accessory liability provides that [w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct'" (People v Carpenter, 138 AD3d 1130, 1131, quoting Penal Law § 20.00; see People v Scott, 25 NY3d 1107, 1110). "Inasmuch as the statute requires that the accomplice act with the mental culpability required for the commission of the underlying crime, an accomplice must have a shared intent, or community of purpose' with the principal" (People v Carpenter, 138 AD3d at 1131, quoting People v Cabey, 85 NY2d 417, 421; see People v Scott, 25 NY3d at 1110). Contrary to the defendant's contention, the evidence was legally sufficient to establish beyond a reasonable doubt his guilt of manslaughter in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, based on an acting-in-concert theory (see Penal Law §§ 20.00; 125.15[1]; 265.03[1][b]; 120.25). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Rizzo, 142 AD3d 1187).
The defendant's contentions regarding alleged prosecutorial misconduct are without merit. The prosecutor's comments on summation were either fair comment on the evidence and the reasonable inferences to be drawn therefrom or responsive to defense counsel's summation, or otherwise did not deprive the defendant of a fair trial (see People v Ashwal, 39 NY2d 105, 109-110; People v King, 144 AD3d 1176, 1176-1177; People v Nanand, 137 AD3d 945, 947-948; People v Willis, 122 AD3d 950; People v Hoke, 111 AD3d 959; People v McGowan, 111 AD3d 850).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
HALL, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court