People v Nelson (2019 NY Slip Op 09144)





People v Nelson


2019 NY Slip Op 09144


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1080 KA 15-01400

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONALD NELSON, ALSO KNOWN AS RONALD K. NELSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 16, 2015. The judgment convicted defendant upon a jury verdict of gang assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of gang assault in the first degree (Penal Law § 120.07) to gang assault in the second degree (§ 120.06) and vacating the sentence imposed thereon and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Monroe County, for sentencing on the conviction of gang assault in the second degree.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of gang assault in the first degree (Penal Law § 120.07), defendant contends that the evidence is legally insufficient to establish his guilt as either a principal or an accessory. We agree. A conviction of gang assault in the first degree requires proof that the defendant participated in the gang assault "with intent to cause serious physical injury to another person" and that he or she caused "serious physical injury to such person or to a third person" (id.). Although the People established beyond a reasonable doubt that defendant participated in the assault of the victim while aided by two or more other persons and that the victim sustained serious physical injuries, the People failed to establish that defendant caused serious physical injury to the victim or that he acted with the requisite intent.
The evidence at trial established that defendant, the codefendant, and a third party (testifying witness) approached the victim, who was with a person who had allegedly "jumped" the testifying witness on a prior occasion. The codefendant repeatedly swung at the victim. In addition, defendant kicked the victim once in the head, and the testifying witness punched the victim one time. Unbeknownst to the testifying witness, when the codefendant appeared to be merely punching the victim, the codefendant was actually stabbing him with a knife. The testifying witness pleaded guilty to manslaughter in the second degree and gang assault in the second degree and agreed to testify for the prosecution at trial. The codefendant was convicted of, inter alia, murder in the second degree and gang assault in the first degree.
The medical evidence admitted at trial established that the victim did not sustain any injuries to his head or face and that the only serious physical injuries sustained by the victim were the fatal stab wounds caused by the codefendant. We thus conclude that the People failed to prove defendant's guilt as a principal.
With respect to accessorial liability under Penal Law § 20.00, there can be no dispute that the codefendant, by intentionally stabbing the victim multiple times in the chest, neck and leg, intended to cause serious physical injury to the victim. To establish defendant's guilt as an [*2]accessory, the People were required to prove that defendant had "a shared intent, or community of purpose' with the principal actor" (People v Carpenter, 138 AD3d 1130, 1131 [2d Dept 2016], lv denied 28 NY3d 928 [2016], quoting People v Cabey, 85 NY2d 417, 421 [1995]), and that he "intentionally aided the principal in bringing forth [the] result" (People v Kaplan, 76 NY2d 140, 146 [1990]; see generally People v Bello, 92 NY2d 523, 526 [1998]).
In our view, the evidence is legally insufficient to establish that defendant shared the codefendant's intent to cause serious physical injury to the victim (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). According to the testifying witness, the knife used by the codefendant was not visible during the assault, and defendant had given the knife to the codefendant before they knew that the victim was in the area. Moreover, both the testifying witness and defendant asked the codefendant following the assault why he had used the knife against the victim. The evidence further established that defendant specifically told the codefendant immediately after the assault that he had not given the codefendant the knife to be used in such a manner.
We nevertheless conclude that the evidence is legally sufficient to establish the lesser included offense of gang assault in the second degree under a theory of accomplice liability (Penal Law §§ 20.00, 120.06). We therefore modify the judgment by reducing defendant's conviction of gang assault in the first degree to gang assault in the second degree and vacating the sentence imposed on that count (see CPL 470.15 [2] [a]), and we remit the matter to Supreme Court for sentencing on the conviction of gang assault in the second degree.
Defendant failed to preserve for our review his contention that he was denied a fair trial by the prosecutor's misstatements of law during summation (see People v Harper, 132 AD3d 1230, 1234 [4th Dept 2015], lv denied 27 NY3d 998 [2016]). In any event, we conclude that "any prejudice was avoided by [Supreme Court's] instructions, which the jury is presumed to have followed" (People v Collins, 167 AD3d 1493, 1497 [4th Dept 2018], lv denied 32 NY3d 1202 [2019] [internal quotation marks omitted]; see People v Hunt, 172 AD3d 1888, 1889-1890 [4th Dept 2019], lv denied 34 NY3d 933 [2019]). We further conclude that defense counsel's failure to object to the prosecutor's statements did not deprive defendant of meaningful representation (see Collins, 167 AD3d at 1497-1498; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant also failed to preserve for our review his contention regarding the court's instructions and responses to jury notes (see People v Clark, 28 NY3d 556, 566 [2016]; People v Washington, 173 AD3d 1644, 1645 [4th Dept 2019], lv denied 34 NY3d 985 [2019]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant's challenge to the severity of his sentence is academic in light of our determination herein.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court