People v Lewis (2022 NY Slip Op 04846)

People v Lewis

2022 NY Slip Op 04846

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

435 KA 19-01122

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES L. LEWIS, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered May 9, 2019. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant, a transgender female, appeals from a judgment convicting her upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends, and the dissent agrees, that the conviction is not supported by legally sufficient evidence because a rational jury could not have found from the trial evidence that defendant acted as an accomplice by intentionally aiding her friend in possessing cocaine with the intent to sell it. We reject that contention.
"A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]; see People v Kancharla, 23 NY3d 294, 302 [2014]). "A sufficiency inquiry requires a court to marshal competent facts most favorable to the People and determine whether, as a matter of law, a jury could logically conclude that the People sustained [their] burden of proof" (Danielson, 9 NY3d at 349; see Kancharla, 23 NY3d at 302). In conducting a sufficiency inquiry, "[w]e must assume that the jury credited the People's witnesses and gave the prosecution's evidence the full weight it might reasonably be accorded" (People v Hampton, 21 NY3d 277, 288 [2013]; see People v Gordon, 23 NY3d 643, 649 [2014]). Moreover, we must "tak[e] into account all of the evidence the jury considered in reaching [its] verdict, including proof adduced by the defense" (People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; see People v Santi, 3 NY3d 234, 247 [2004]; People v Bridges, 294 AD2d 913, 914 [4th Dept 2002]).
As relevant to this case, "[a] person is guilty of criminal possession of a controlled substance in the third degree when [she] knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]). Moreover, "Penal Law § 20.00 provides that when a principal commits a crime, the principal's accomplice may be held liable where the accomplice 'acting with the mental culpability required for the commission [of the crime] . . . solicits, requests, commands, importunes, or intentionally aids [the principal] to engage in [the commission of the crime]' " (People v Scott, 25 NY3d 1107, 1109-1110 [2015]). It is thus well established that, "[e]ven though a defendant may not have physical possession of the drugs, evidence that [she] was an accomplice to a coperpetrator who did have possession of the drugs is legally sufficient to uphold a conviction of criminal possession of a controlled substance" (People v Dean, 200 AD2d 582, 582-583 [2d Dept 1994], lv denied 83 NY2d 871 [1994]; see People v Moreno, 58 AD3d 516, 517 [1st Dept 2009], lv denied 12 NY3d 819 [2009]; People v [*2]Cortes, 112 AD2d 946, 946-947 [2d Dept 1985]). In this case, "[t]o establish defendant's guilt as an accessory, the People were required to prove that defendant had a shared intent, or community of purpose with the principal [actor]" (People v Nelson, 178 AD3d 1395, 1396 [4th Dept 2019], lv denied 35 NY3d 972 [2020] [internal quotation marks omitted]; see People v Cabey, 85 NY2d 417, 421 [1995]; People v Carpenter, 138 AD3d 1130, 1131 [2d Dept 2016], lv denied 28 NY3d 928 [2016]), and that she "intentionally aided the principal in bringing forth [the] result" (People v Kaplan, 76 NY2d 140, 146 [1990] [emphasis omitted]; see Nelson, 178 AD3d at 1396; see generally People v Bello, 92 NY2d 523, 526 [1998]).
Here, the evidence and the reasonable inferences drawn therefrom establish that, two days before her arrest, defendant agreed that, in exchange for compensation, she would either drive or otherwise accompany the friend to complete a sale of cocaine. According to defendant's testimony, the friend indicated that she wanted defendant to accompany her because they were friends and she did not want to be alone with the two people involved in the proposed drug transaction, i.e., the drug dealer and the ostensible buyer. In order for the friend to carry out the proposed drug transaction with the requested assistance of defendant, the friend first needed to possess the cocaine, and defendant began taking overt action to uphold her commitment by traveling with the friend to a different city and staying in a hotel where, on the day after the first night of their stay, the drug dealer arrived and provided the friend with the cocaine that was to be sold to the ostensible buyer. The next day, defendant, still acting pursuant to her commitment with the expectation of receiving payment for her service, accompanied the friend—who defendant knew possessed the cocaine—to a fast food restaurant for the ultimate purpose of completing the sale. The ostensible buyer had, however, acted as an informant by reporting to the police that defendant and the friend were in possession of cocaine at the fast food restaurant. The police responded to the scene, the friend turned over her purse in which the cocaine was located, and the police seized the cocaine and took the friend and defendant into custody. Given the abovementioned evidence, we conclude that "the jury rationally could have concluded both that defendant had acted with the mental state necessary for the crime of criminal possession of a controlled substance in the [third] degree and that defendant 'intentionally aid[ed] [the friend] to engage in . . . conduct' . . . constituting that offense" (Moreno, 58 AD3d at 517; see Cortes, 112 AD2d at 946-947; see also Dean, 200 AD2d at 582-583).
We also reject defendant's contention that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see People v Bleakley, 69 NY2d 490, 495 [1987]; see generally People v Stumbo, 155 AD3d 1604, 1606 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]).
Defendant's further contention that the reason that the prosecutor gave for striking a prospective juror in response to her Batson challenge was pretextual is not preserved for our review inasmuch as defendant " 'failed to articulate . . . any reason why [she] believed that the prosecutor's explanation[] w[as] pretextual' " (People v Massey, 173 AD3d 1801, 1802 [4th Dept 2019]; see People v Smocum, 99 NY2d 418, 423-424 [2003]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that County Court, in determining the sentence to be imposed, penalized her for asserting her right to a trial. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that [the] defendant was punished for asserting his [or her] right to trial" (People v Tetro, 181 AD3d 1286, 1290 [4th Dept 2020], lv denied 35 NY3d 1070 [2020] [internal quotation marks omitted]) and, here, "there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial" (id. [internal quotation marks omitted]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Finally, inasmuch as the sentencing proceeding and the sentence reflect defendant's status as a second felony drug offender (Penal Law § 70.70 [1] [b]), and the record thus confirms that the court merely misstated during sentencing that defendant was a second felony offender rather than a second felony drug offender, we note that the amended certificate of conviction and uniform [*3]sentence and commitment form must be corrected to reflect that defendant was sentenced as a second felony drug offender (see People v Bradley, 196 AD3d 1168, 1170-1171 [4th Dept 2021]).
All concur except Whalen, P.J., and Bannister, J., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent. We conclude that the evidence is legally insufficient to support a finding that defendant, based on accessorial liability, was guilty of the crime of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). To establish accessorial liability, the People were required to prove beyond a reasonable doubt that defendant acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, she "solicited, requested, commanded, importuned or intentionally aided [her friend] in the commission of the crime" (People v Maldonado, 189 AD3d 2083, 2084 [4th Dept 2020], lv denied 36 NY3d 1098 [2021]; see § 20.00). Notably, a defendant's "mere presence at the scene of a crime, even with knowledge that the crime is taking place, or mere association with a perpetrator of a crime, is not enough for accessorial liability" (People v Lopez, 137 AD3d 1166, 1167 [2d Dept 2016] [internal quotation marks omitted]; see People v McDonald, 172 AD3d 1900, 1902 [4th Dept 2019]).
Here, the People's theory at trial was that defendant intentionally aided her friend's possession of drugs by agreeing to drive her friend to another city where the friend would engage in the sale of such drugs, and that defendant would return by bus. However, the evidence in this case, when considered in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), established that defendant merely accompanied her friend. The majority relies on evidence presented by the People consisting of a brief statement that defendant made to the police in which defendant said that she was "supposed" to drive her friend in exchange for money, and brief jail calls in which defendant made similar remarks. While that evidence tends to establish that defendant had the necessary mental culpability, "the statute includes an actus reus component as well: the accomplice must have intentionally aided the principal in bringing forth a result" (People v Carpenter, 138 AD3d 1130, 1131 [2d Dept 2016], lv denied 28 NY3d 928 [2016] [internal quotation marks omitted]; see People v Kaplan, 76 NY2d 140, 146 [1990]). Here, there was no evidence presented at trial, circumstantial or otherwise, that defendant actually drove her friend to any location. We reject the conclusion of the majority that defendant's purported provision of, in essence, moral support to her friend constitutes an overt action by which she intentionally aided her friend (see Kaplan, 76 NY2d at 146). Furthermore, contrary to the People's assertion, there was no evidence establishing that defendant acted as a bodyguard (cf. People v Cortes, 112 AD2d 946, 946-947 [2d Dept 1985]). Therefore, inasmuch as there is legally insufficient evidence to establish the possession element of the crime as charged, we would reverse the judgment and dismiss the indictment (see generally People v Williams, 162 AD3d 1544, 1545 [4th Dept 2018]). In light of our determination, it is not necessary to address defendant's
remaining contentions.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court