People v Torres (2026 NY Slip Op 01252)

People v Torres

2026 NY Slip Op 01252

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CR-24-1276
[*1]The People of the State of New York, Respondent,
vOrlando Torres, Appellant.

Calendar Date:January 8, 2026

Before:Garry, P.J., Ceresia, Fisher, McShan and Mackey, JJ.

Juan A. Campos, New York City, for appellant.
Sophie A. Bergman, Special Prosecutor, Binghamton, for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Broome County (Joseph Cawley J.), rendered December 8, 2023, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree.
In 2022, law enforcement executed a no-knock search warrant at an apartment associated with defendant and a female roommate and recovered fentanyl, drug paraphernalia and a substantial amount of cash. Defendant and the roommate were later charged by indictment with two counts of criminal possession of a controlled substance in the third degree and two counts of criminally using drug paraphernalia in the second degree. Following defendant's jury trial, he was found guilty of both possession counts and one paraphernalia count. He was then sentenced to two consecutive prison terms of eight years, to be followed by three years of postrelease supervision, for the possession convictions and a lesser concurrent jail term on the remaining conviction. Defendant appeals, exclusively challenging the weight of the evidence supporting the jury's verdict.
A weight of the evidence review requires that "we view the evidence in a neutral light and determine first whether a different verdict would have been unreasonable and, if not, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Warr, 237 AD3d 1262, 1263 [3d Dept 2025] [internal quotation marks and citations omitted], lv denied 43 NY3d 1059 [2025]; see People v Romero, 7 NY3d 633, 643 [2006]). As charged here, "[a] person is guilty of criminal possession of a controlled substance in the third degree when he [or she] knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]) or "one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of one-half ounce or more" (Penal Law § 220.16 [12]; see People v Coston, 238 AD3d 1341, 1342-1343 [3d Dept 2025], lv denied 44 NY3d 992 [2025]). Further, "[a] person is guilty of criminally using drug paraphernalia in the second degree when he [or she] knowingly possesses . . . [s]cales and balances used or designed for the purpose of weighing or measuring controlled substances, under circumstances evincing an intent to use, or under circumstances evincing knowledge that some person intends to use, the same for purpose of unlawfully manufacturing, packaging or dispensing of any narcotic drug or stimulant" (Penal Law § 220.50 [3]; see People v Shabazz, 177 AD3d 1170, 1171 [3d Dept 2019]). Possession may be actual or constructive (see Penal Law § 10.00 [8]), the latter of which may be demonstrated by proving that a defendant "exercised dominion and control [*2]over the place where contraband was seized" (People v Manini, 79 NY2d 561, 573 [1992]; accord People v Leader, 27 AD3d 901, 903 [3d Dept 2006]). It is well settled that constructive possession may be established through circumstantial proof and that exclusivity of access is not required (see People v Torres, 68 NY2d 677, 678-679 [1986]; People v Victor, 139 AD3d 1102, 1105 [3d Dept 2016], lv denied 28 NY3d 1076 [2016]). The offenses of which defendant was convicted were also charged under a theory of accessorial liability (see Penal Law § 20.00), permitting him to be held responsible for the conduct of another if, acting with the requisite mental culpability, he intentionally aided another in bringing forth a criminal result (see People v Bello, 92 NY2d 523, 526 [1998]; People v Kaplan, 76 NY2d 140, 146 [1990]; People v Lewis, 208 AD3d 989, 989-990 [4th Dept 2022], lv denied 39 NY3d 941 [2022]).
The People's proof at trial demonstrated that a narcotics investigation, which notably included a controlled sale of fentanyl by defendant's roommate, revealed defendant and the roommate entering and exiting the subject apartment on multiple occasions. Both individuals were named on the mailbox for the apartment, and the apartment was listed as defendant's residence on his driver's license. Upon execution of the subject warrant, law enforcement discovered defendant, the only present occupant, lying on a bed in one of the apartment's two bedrooms. Law enforcement seized $135 from defendant's person, but no narcotics were found on him. Testimony established that the street value of one gram of fentanyl is approximately $100. On top of a small plastic shelving unit within the apartment's second bedroom, law enforcement located two knotted plastic bags containing a tan-colored substance tucked inside a size 8 pair of sneakers. After testing, that substance was determined to be 19 to 21 grams of fentanyl. Also on top of that shelving unit was an insurance identification card belonging to defendant. According to law enforcement testimony and photographic evidence, the second bedroom was used for storage, and men's clothing was found therein. A locked safe was also discovered in that space, which law enforcement forcibly opened to discover approximately $1,250 in cash and the roommate's Social Security card. In the kitchen area of the apartment, law enforcement found plastic sandwich bags consistent with those used for drug packaging, a digital scale and a spoon with an unknown tan substance on it, which law enforcement witnesses opined was fentanyl or heroin.
Another verdict would not have been unreasonable as no contraband was discovered on defendant's person (see People v Romero, 7 NY3d at 643). However, viewing the evidence in a neutral light and according due deference to the jury's credibility determinations (see id. at 643-644), the evidence established that defendant resided in and thus exercised dominion and control over the apartment, including the storage [*3]room containing personal effects attributable to him (see People v Coston, 238 AD3d at 1344-1345; People v Shabazz, 177 AD3d at 1172; People v Banks, 14 AD3d 726, 727-728 [3d Dept 2005], lv denied 4 NY3d 851 [2005]). The jury was thus free to infer that he constructively possessed the contraband recovered from that room, even if that possession was shared (see People v Patterson, 199 AD3d 1072, 1075-1076 [3d Dept 2021], lv denied 37 NY3d 1163 [2022]; People v Gaston, 147 AD3d 1219, 1220 [3d Dept 2017]; People v Victor, 139 AD3d at 1105). This possession alone permitted the inference that defendant knew the nature of the substance possessed (see People v Sanchez, 86 NY2d 27, 33 [1995]; People v Reisman, 29 NY2d 278, 285 [1971], cert denied 405 US 1041 [1972), as did the manner in which the fentanyl was secreted and other evidence of drug distribution and/or use throughout the apartment. The quantity of fentanyl seized — an amount far exceeding that consistent with personal use — together with the recovery of the scale, drug packaging materials and substantial cash in the vicinity of the narcotics further permitted the jury to infer that the established possession was for financial gain, thereby supporting defendant's conviction under Penal Law § 220.16 (1) (see People v Coston, 238 AD3d at 1345; People v Flynn, 233 AD3d 1087, 1090 [3d Dept 2024], lv denied 44 NY3d 982 [2025]; People v Hayward, 213 AD3d 989, 992 [3d Dept 2023], affd 42 NY3d 753 [2024]; People v McCollum, 176 AD3d 1402, 1403 [3d Dept 2019]). The same proof coupled with laboratory evidence establishing the requisite weight satisfied Penal Law § 220.16 (12). Finally, the recovery of the digital scale from within the residence, viewed in conjunction with the quantity of the fentanyl and the circumstances of its concealment, supported the jury's finding that defendant constructively possessed it for a prohibited purpose (see Penal Law § 220.50 [3]). The jury was also entitled to consider evidence of coordinated conduct with the roommate to determine that defendant intentionally aided in the roommate's possession of the narcotics and paraphernalia, thereby further supporting the verdict under a theory of accessorial liability (see Penal Law § 20.00; People v Dean, 200 AD2d 582, 583 [2d Dept 1994], lv denied 83 NY2d 871 [1994]). Accordingly, we cannot say that the verdict is against the weight of the evidence.
Ceresia, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.