[913 NE2d 936, 885 NYS2d 244]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McGRANTHAM, Appellant.

Decided June 25, 2009

APPEARANCES OF COUNSEL

*Frankie & Gentile, P.C.*, Mineola (*Joseph A. Gentile* of counsel), for appellant.

*Charles J. Hynes, District Attorney*, Brooklyn (*Rhea A. Grob* of counsel), for respondent.

OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified by dismissing the count of the indictment charging defendant with criminally negligent homicide; and, as so modified, affirmed.

There was evidence before the grand jury that, in the early morning hours of March 29, 2006, defendant was driving eastbound on Cropsey Avenue in Brooklyn and intended to enter the westbound lanes of the Belt Parkway. Defendant, who was sober and had not been speeding, missed the entrance ramp and mistakenly drove onto the exit ramp for westbound traffic. Attempting to correct his mistake, defendant slowly made a U-turn across the three westbound lanes of traffic. He had almost completed the turn when a westbound motorcycle struck his

driver's side door. The 20-year-old operator of the motorcycle was killed.

Viewing the evidence in the light most favorable to the People, defendant's motion seeking to dismiss the count of the indictment charging him with criminally negligent homicide must be granted. Defendant's decision to make a U-turn across three lanes of traffic to extricate himself from a precarious situation was not wise, but it does not rise to the level of moral blameworthiness required to sustain a charge of criminally negligent homicide (*see People v Cabrera*, 10 NY3d 370, 378 [2008]). The evidence was sufficient, however, to support the charge that defendant engaged in reckless driving by driving his vehicle "in a manner which unreasonably interfere[d] with the free and proper use of the public highway, or unreasonably endangere[d] users of the public highway" (Vehicle and Traffic Law § 1212).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order modified, etc.