■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DURAN KELLER, Respondent. [909 NYS2d 150]—

Appeal by the People, as limited by their brief, from so much of an order of the County Court, Nassau County (Berkowitz, J.), dated November 18, 2009, as granted that branch of the defendant's omnibus motion which was to dismiss count one of the indictment, charging criminally negligent homicide, on the ground that the evidence presented to the grand jury was legally insufficient.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss count one of the indictment, charging criminally negligent homicide, on the ground that the evidence presented to the grand jury was legally insufficient is denied, count one of the indictment is reinstated, and the matter is remitted to the County Court, Nassau County, for further proceedings on the indictment.

In considering the legal sufficiency of an indictment, the reviewing court must view the evidence in the light most favorable to the People and determine whether that evidence, if unexplained and uncontradicted, would be sufficient to support a guilty verdict after a trial (*see People v Jensen*, 86 NY2d 248, 251 [1995]; *People v Jennings*, 69 NY2d 103, 114 [1986]). "The reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of each element of the charged crimes and whether the grand jury could rationally have drawn the inference of guilt" (*People v Boampong*, 57 AD3d 794, 795 [2008]; *see People v Bello*, 92 NY2d 523, 526 [1998]). Moreover, in the context of grand jury procedure, " 'legally sufficient evidence means proof of a prima facie case, not proof beyond a reasonable doubt' " (*People v Campbell*, 69 AD3d 645, 645 [2010], quoting *People v Gordon*, 88 NY2d 92, 95-96 [1996]).

Here, the evidence presented to the grand jury, viewed in the light most favorable to the People, was legally sufficient to support count one of the indictment, charging the defendant with criminally negligent homicide (*see* Penal Law §§ 125.10, 15.05 [4]). The evidence before the grand jury, if accepted as true, established that at approximately 11:30 P.M. on June 9, 2007, the then 17-year-old defendant was driving approximately 40 miles per hour above the posted speed limit which was 40 miles per hour, on the northbound portion of Long Beach Road when he lost control. His vehicle skidded across the median, flipped

over, slid across the southbound traffic lanes, and hit the guardrail. As a result of the crash, one of the passengers in his vehicle was killed. Contrary to the County Court's determination, the People also presented evidence to the grand jury that the defendant engaged in "risk-creating" behavior in addition to driving faster than the posted speed limit which created or contributed to a substantial and unjustifiable risk of death (*People v Paul V.S.*, 75 NY2d 944, 945 [1990] [internal quotation marks omitted]; *see People v Ricardo B.*, 73 NY2d 228 [1989]; *People v Soto*, 44 NY2d 683 [1978]). In this regard, the defendant's written statement and the testimony presented to the grand jury, if accepted as true, demonstrated that the defendant was speeding while playing a game with his friend, who was driving another vehicle, in which he repeatedly attempted to pass his friend by changing lanes and his friend also repeatedly changed lanes to stay in front of the defendant. By playing this game with his friend, in addition to speeding, on a commercial six-lane roadway with medium to heavy traffic, the defendant engaged in conduct that created an unjustifiable risk of death. Accordingly, the defendant's motion to dismiss that count of the indictment charging him with criminally negligent homicide should have been denied (*see People v Mitchell*, 213 AD2d 562, 562-563 [1995]; *People v Senisi*, 196 AD2d 376, 379-380 [1994]). Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.