THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY SMITH, JR., Appellant. [930 NYS2d 234]—

On September 23, 2008, the defendant, with codefendant Stephen Williams and one or two other men, approached the complainant, accused him of being a "snitch," and began beating and kicking him. When Williams suddenly pulled out a knife, the complainant tried to grab it, cutting himself in the hand in doing so, and knocked it out of Williams's hand and onto the grass, where it remained. The defendant continued to punch the complainant. The attack, which lasted for approximately 30 seconds, ended when police officers arrived.

The defendant was convicted of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [2]). Under the assault count, the People were required to prove intentional causation of physical injury by means of the knife. Under the weapon possession count, the People were required to prove possession of the knife with intent to use it unlawfully. Inasmuch as it was undisputed that the defendant neither possessed nor used the knife at any time, the People relied on a theory of accomplice liability. "To sustain a conviction based upon accessorial liability, 'the evidence, when viewed in a light most favorable to the prosecution, must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal to commit such crime' " (*People v Farrell*, 61 AD3d 696, 697 [2009], quoting *Matter of John G.*, 118 AD2d 646 [1986]; *see* Penal Law § 20.00; *People v Contes*, 60 NY2d 620, 621 [1983]; *People v Chardon*, 83 AD3d 954, 956-957 [2011]).

Here, the evidence failed to establish that the defendant knew that codefendant Williams possessed the knife, much less that he shared Williams's intent to use it to inflict physical injury on the complainant (*see People v Bennett*, 160 AD2d 949, 950-951 [1990]; *People v Torres*, 153 AD2d 911, 912 [1989]; *cf. Matter of Kadeem W.*, 5 NY3d 864 [2005]). Consequently, the evidence supporting the defendant's convictions was not legally sufficient (*see People v Contes*, 60 NY2d at 621).

In light of the above, we need not address the defendant's remaining contentions. Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.