■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FISHER, Appellant. [983 NYS2d 633]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Kron, J.), rendered February 15, 2011, convicting him under indictment No. 1566/2008 of robbery in the first degree and robbery in the second degree, upon a jury verdict, and robbery in the first degree (three counts) and robbery in the second degree (three counts), upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, also rendered February 15, 2011, convicting him of criminal possession of a weapon in the third degree under indictment No. 1590/2008, upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed.

Upon conducting a weight of the evidence review, if a finding in favor of the defendant would not have been unreasonable, then "the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (*People v Danielson*, 9 NY3d 342, 348 [2007]). The court then decides, "[b]ased on the weight of the credible evidence, . . . whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*id.* at 348; *see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]).

Here, the defendant was convicted of multiple counts of robbery in connection with three commercial establishments in April of 2008. He was also convicted of possession of a gun recovered upon his arrest the following month. At issue on this appeal are robberies relating to a mini market. The defendant's convictions were based on a theory of accomplice liability, as it was undisputed that the defendant was not present in the store with his accomplices. The defendant was found guilty of acting as an accomplice with regard to the robbery involving property taken from the store, but was acquitted of robbing an employee at that location.

The two eye-witnesses to the mini market robbery testified that they saw the defendant, who they recognized as a regular customer, enter and exit the store several times on the day of the robberies, the last time only 10 to 15 minutes before the crime took place. The defendant himself testified that he had been in the store shortly before the robbery, but stated that he was there to buy several items, and denied that he was "casing the joint." It was also undisputed that the defendant had a conversation with the two robbers just outside the store moments before the robbers entered the store and committed the crimes, and that he was standing on a nearby bridge when he was joined by, and left the scene with, one of the robbers.

The jury could have believed the defendant's testimony, inter alia, that he was merely buying some items, and not "casing the joint," when he visited the store on the day of the robberies, that his conversation with the robbers outside of the store consisted of his merely asking his friends what they were doing, and that, even though he agreed to hold some of the stolen items at his house, he had no prior knowledge of, and was not a participant in, the robbery itself. Conversely, however, the jury was entitled to reject the defendant's testimony. There is no basis in the record to overturn the credibility determination of the jury, which had the " 'opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Mateo*, 2 NY3d at 410, quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v McCarthy*, 111 AD3d 764 [2013], *lv denied* 22 NY3d 1089 [2014]; *People v Pordy*, 88 AD3d 746, 747 [2011]). Thus, based on the credible evidence, the jury was justified in finding that the defendant was "casing the joint" prior to the robbery, discussing the planned robbery with his friends right before they entered the store, and then acted as lookout on the bridge outside the store until one of the fleeing robbers joined him and left the scene. Accordingly, the weight of the evidence supported the jury's finding that the People proved beyond a

reasonable doubt that the defendant was acting in concert with his friends when his friends forcibly stole property belonging to the mini market and, in the course of the crime or immediate flight therefrom, displayed what appeared to be a pistol, revolver, or other firearm. Therefore, the jury verdict finding the defendant guilty of robbery in the first and second degrees was not against the weight of the evidence (*see* Penal Law §§ 20.00, 110.00, 160.15 [4]; 160.10 [1]).

There is no merit to the defendant's contention that the jury could not rationally conclude that the defendant was guilty of acting as an accomplice with regard to the robbery involving property taken from the store, but not with regard to the robbery involving property taken from the employee. In its charge to the jury, the court explained "acting in concert" as follows: "When one person engages in conduct which constitutes a crime, another is criminally liable for the conduct *when acting with the state of mind* required for the commission of that crime, he *intentionally aids such person to engage in such conduct*" (emphasis added). The jury could rationally have found that the defendant intended to take money from the store's cash registers, which he and his accomplices had done on two prior occasions, but did not intend to take the employee's personal property, which was a crime of opportunity that was unanticipated. Dillon, J.P., Hall, Austin and Duffy, JJ., concur.