■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS LOPEZ, Appellant. [27 NYS3d 639]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered July 1, 2011, as amended July 6, 2011, and July 19, 2011, convicting him of conspiracy in the second degree, attempted murder in the second degree, assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is modified, on the facts, by vacating the convictions of attempted murder in the second degree, assault in the first degree, and assault in the second degree, vacating the sentences imposed thereon, and dismissing counts 69, 71, and 74 of the indictment; as so modified, the judgment, as amended, is affirmed.

At trial, the People presented the testimony of Erik Rodriguez (hereinafter Erik), who testified under a cooperation agreement that he was the leader of a drug trafficking enterprise in Brooklyn and that the defendant, codefendant Aishan Reyes, and two other codefendants all worked for him. Erik testified about his role, and the roles of the codefendants, and the defendant, in Reyes's shooting of a rival drug trafficker who had robbed Reyes of one of Erik's cars and a supply of crack cocaine.

On appeal, the defendant challenges only his convictions of attempted murder in the second degree, assault in the first degree, and assault in the second degree, contending that there was insufficient evidence to corroborate Erik's testimony to convict him of these crimes, and that the People failed to prove he had the requisite mental culpability to be criminally liable for these crimes under an acting-in-concert theory.

The defendant did not preserve for appellate review his contention that the People failed to present legally sufficient evidence to support the convictions at issue (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Rodriguez, 127 AD3d 997, 997 [2015]), and we decline to review that contention in the exercise of our interest of justice jurisdiction (see People v Samuels, 130 AD3d 757, 758 [2015]; People v Henderson, 120 AD3d 1258, 1259 [2014], lv granted 25 NY3d 951 [2015]; People v Bridges, 63 AD3d 752, 753 [2009]). Nevertheless, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]), we determine that so much of the jury verdict as found the defendant guilty of attempted murder in the second degree, assault in the first degree, and assault in the second degree was against the weight of the evidence.

To establish accessorial liability, the People must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crimes charged and that, in furtherance thereof, he solicited, requested, commanded, importuned, or intentionally aided his alleged accomplices to commit such crimes (see Penal Law § 20.00; People v Chardon, 83 AD3d 954 [2011]; People v Farrell, 61 AD3d 696 [2009]). Testimony of an accomplice must be supported by corroborative evidence tending to connect the defendant with the commission of the offenses charged (see CPL 60.22 [1]; see People v Romero, 7 NY3d 633 [2006]). The defendant's "mere presence at the scene of a crime, even with knowledge that the crime is taking place, or mere association with a perpetrator of a crime, is not enough for accessorial liability" (Matter of Tatiana N., 73 AD3d 186, 190-191 [2010]).

Here, there was testimony and corroborating evidence that the defendant knew of the theft of the car by the rival drug trafficker and that Reyes, at Erik's behest, was going to find the rival and get the stolen car back. There also was evidence that three carloads of people, including Erik and the defendant, traveled to an area near the rival's home. There is no testimony or other evidence that the defendant knew that Reyes had a gun or that there was a plan to shoot the rival until Erik began giving instructions to Reyes—who was in another car—over the phone while the defendant sat in the backseat of the vehicle in which Erik was traveling. There is no evidence that the defendant undertook any act in furtherance of the plan discussed by Erik. Thus, the evidence presented at trial did not establish, beyond a reasonable doubt, that the defendant shared the intent to kill or assault the victim, or that he solicited, requested, commanded, importuned, or intentionally aided his alleged accomplices to commit such crimes (*see People v Marchena*, 116 AD3d 713, 714 [2014]; *People v Chardon*, 83 AD3d at 956; *People v Farrell*, 61 AD3d at 697).

Accordingly, we vacate the convictions of attempted murder in the second degree, assault in the first degree, and assault in the second degree, and the sentences imposed thereon, and dismiss counts 69, 71, and 74 of the indictment. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.