People v Fonerin (2018 NY Slip Op 01480)





People v Fonerin


2018 NY Slip Op 01480


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
LEONARD B. AUSTIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-05667
 (Ind. No. 8676/12)

[*1]The People of the State of New York, respondent,
v
Lorenzo Fonerin, appellant.


Randall D. Unger, Bayside, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered June 12, 2015, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.
On the evening of September 23, 2012, the codefendant, Suliman Ahmed, set fire to a sleeping homeless man while the defendant recorded the incident on his cell phone. The events occurred outside a deli where the codefendant was the manager and the defendant had been employed for approximately two weeks. The victim, who was mentally ill, often slept outside the deli. The defendant's cell phone video shows that, just as the codefendant began to douse the victim with lighter fluid, the defendant uttered, "Do that shit, man." The cell phone footage, as well as nearby surveillance video footage, shows that the defendant continued to hold his cell phone to film the victim staggering around, engulfed in flames, as the codefendant and others attempted to extinguish the flames on the victim. After approximately one minute of recording, the defendant eventually retrieved water from inside the deli and extinguished the fire. The jury found the defendant guilty of assault in the first degree (Penal Law § 120.10[3]) on a theory of accessorial liability (see Penal Law § 20.00). The defendant appeals from the judgment of conviction, arguing, inter alia, that the jury's verdict was against the weight of the evidence.
Upon the defendant's request, this Court must conduct a weight of the evidence review (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348). In conducting our weight of the evidence review, we have a responsibility to affirmatively review the record, independently assess all of the proof, substitute our own credibility determinations for those made by the jury in an appropriate case, determine whether the jury's determination was factually correct, and acquit a defendant if we are not convinced that the jury was justified in finding that guilt was proven beyond a reasonable doubt (see People v Delamota, 18 NY3d 107, 116-117). "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. [*2]If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (People v Danielson, 9 NY3d at 348). "Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (id.; see People v Bleakley, 69 NY2d 490). "When an appellate court performs weight of the evidence review, it sits, in effect as a thirteenth juror'" (People v Mateo, 2 NY3d 383, 410 [internal quotation marks omitted]), but this Court also gives great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see id. at 410; People v Bleakley, 69 NY2d at 495).
To convict the defendant of assault in the first degree under Penal Law § 120.10(3), the People were required to prove beyond a reasonable doubt that the defendant, acting in concert with another person, caused serious physical injury to the victim, that the defendant did so by recklessly engaging in conduct that created a grave risk of death to the victim, and that the defendant engaged in such conduct under circumstances evincing a depraved indifference to human life. For the defendant to be held criminally liable for the conduct of the codefendant, the People had to prove beyond a reasonable doubt that the defendant solicited, requested, commanded, importuned, or intentionally aided the codefendant to engage in that conduct, and that the defendant did so with the state of mind required for the commission of the offense (see Penal Law § 20.00). A defendant's mere presence at the scene of a crime, even with knowledge that the crime is taking place, or mere association with the perpetrator of a crime, is not enough for accessorial liability (see People v Lopez, 137 AD3d 1166, 1167; Matter of Tatiana N., 73 AD3d 186, 190-191).
It is undisputed that the defendant did not assist the codefendant in dousing the victim with lighter fluid or setting fire to the victim, and did not supply any of the materials to the codefendant to commit the criminal act. The defendant's actions, in uttering, "Do that shit, man," as the codefendant doused the victim with lighter fluid, and in filming this incident for approximately one minute before rendering any aid to this particularly vulnerable and helpless victim, were deplorable. However, his actions did not support the jury's finding beyond a reasonable doubt that he solicited, requested, commanded, importuned, or intentionally aided the codefendant to assault the victim, and that he did so sharing the codefendant's state of mind.
Upon the exercise of our factual review power (see CPL 470.15), we determine that an acquittal of assault in the first degree would not have been unreasonable. Moreover, we determine that the jury was not justified in finding the defendant guilty beyond a reasonable doubt. Thus, the judgment must be reversed and the indictment dismissed (see generally People v Romero, 7 NY3d 633).
In light of our determination, we need not address the defendant's remaining contentions.
LEVENTHAL, AUSTIN and BARROS, JJ., concur.
RIVERA, J.P., dissents, and votes to affirm the judgment, with the following memorandum, in which CHRISTOPHER, J., concurs:
I respectfully dissent and vote to affirm the judgment of conviction.
On September 23, 2012, the defendant, acting with a codefendant, approached the victim, a homeless man, who was asleep outside a bodega where the defendant and the codefendant worked. Utilizing his cell phone, the defendant filmed the codefendant as the codefendant poured lighter fluid onto the victim's back. The codefendant then set fire to the victim. The defendant is heard on the cell phone video stating to the codefendant, "Do that shit, man." The brutal incident was also captured on surveillance footage. The defendant was later arrested and ultimately convicted, upon a jury verdict, of assault in the first degree.
Contrary to the determination of my colleagues in the majority, in conducting our independent review of the weight of the evidence, I am satisfied that the verdict of guilt is not against the weight of the evidence (see People v Romero, 7 NY3d 633). Among other things, the defendant argues on appeal, and the majority agrees, that the verdict is against the weight of the evidence because the People did not prove beyond a reasonable doubt that he shared the codefendant's intent to commit depraved assault, or that he solicited, requested, commanded, importuned, or intentionally aided the codefendant in committing the crime of assault in the first degree.
A person is guilty of assault in the first degree when, "[u]nder circumstances evincing a depraved indifference to human life, he or [she] recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person" (Penal Law § 120.10[3]). To establish accessorial liability, the People must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, he or she solicited, requested, commanded, importuned, or intentionally aided the principal to commit such crime (see Penal Law § 20.00; People v Cabey, 85 NY2d 417, 421; People v Allah, 71 NY2d 830, 832; People v Carpenter, 138 AD3d 1130, 1131).
Here, the jury was justified in finding the defendant guilty beyond a reasonable doubt. According great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410), including the defendant, who testified on his own behalf, a jury could logically conclude that the People sustained their burden of proof. The evidence presented showed that the defendant importuned the codefendant by expressly stating, "Do that shit, man." These commanding words were clearly heard on the cell phone video as the codefendant is observed squeezing a visible bottle of lighter fluid. The evidence also established that the victim was thereafter set on fire, with flames engulfing his back and causing severe burns from his buttocks to his shoulders.
Upon viewing the surveillance video, the cell phone video played to the jury, and all of the evidence proffered, I am certain, as found by the jury, that the defendant importuned the codefendant to commit this reprehensible act and fully shared the codefendant's intent. He was not merely a reporter of the incident; he was an accessory to the crime. I further find all of his remaining contentions to be without merit.
Accordingly, for these reasons, I conclude that the judgment should be affirmed.
ENTER:
Aprilanne Agostino
Clerk of the Court