The People of the State of New York, Respondent,
against
Deneen Smith, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered May 24, 2017, after a nonjury trial, convicting her of reckless driving, failure to exercise due care to avoid collision with a pedestrian, and failure to yield to a pedestrian, and imposing sentence.




Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered May 24, 2017, reversed on the law and the facts, and the accusatory instrument is dismissed.
Pursuant to the defendant's request, and over the People's objection, Criminal Court utilized the criminal negligence mens rea with respect to the charged offenses of failure to exercise due care to avoid collision with a pedestrian (see Vehicle and Traffic Law § 1146[c][1]) and failure to yield to a pedestrian (see Administrative Code of City of New York § 19-190[b]). Since the court ruled in favor of defendant on this issue, defendant's present challenge to the civil negligence standard of culpability that the People argued was applicable, is not properly before this court (see People v Ingram, 18 NY3d 948 [2012]; People v Concepcion, 17 NY3d 192 [2011]).
The verdict was not based on legally sufficient evidence and was, in any event, against the weight of the evidence. While driving south on Eleventh Avenue, defendant attempted to make a left turn from the second to the left southbound driving lane onto West 42nd Street. As she approached the intersection, defendant reduced her speed from nine to seven miles per hour, activated the vehicle's turn signal, and checked her rear view and driver's side mirrors. When she began to turn left, her vehicle was hit by a Federal Express truck traveling south. As a result of the impact, defendant tore her left rotator cuff and lost control of her vehicle, which had been facing south before the crash, and was now facing and proceeding southeast. Defendant's passenger yelled "hit the brake, hit the brake" and defendant replied "I can't, I can't." In an attempt to avoid hitting a pedestrian, defendant drove the vehicle onto the sidewalk, where it scraped a building before striking and killing the pedestrian.
"A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]). "[T]he carelessness required for criminal negligence is appreciably more serious than that for ordinary civil negligence, and that the carelessness must be such that its seriousness would be apparent to anyone who shares the community's general sense of right and wrong. Moreover, criminal negligence requires a defendant to have engaged in some blameworthy conduct creating or contributing to a substantial and unjustifiable risk of a proscribed result; nonperception of a risk, even if [the proscribed result occurs], is not enough" (People v Conway, 6 NY3d 869, 872 [2006][internal quotation marks and citations omitted]; see People v Cabrera, 10 NY3d 370, 376 [2008]).
Here, the evidence failed to establish beyond a reasonable doubt that defendant's actions, both immediately prior to the collision and immediately thereafter, when she was confronted by the frightening reality of her precarious situation and attempted to avoid striking the pedestrian, were criminally negligent. Even if defendant did not make wise or prudent choices, her errors do not rise to the level of "morally blameworthy" conduct, i.e., "the kind of seriously condemnatory behavior that the Legislature envisioned when it defined 'criminal negligence,' even though the consequences here were fatal" (People v Cabrera, 10 NY3d at 378; see People v McGrantham, 12 NY3d 892, 893-894 [2009]; People v Boutin, 75 NY2d 692, 697-698 [1990]). The fatality "resulted from noncriminal failure to perceive risk; it was not the result of criminal risk creation" (Cabrera, 10 NY3d at 378).
Nor did the evidence show that defendant operated her vehicle "under such circumstances as to show a reckless disregard of the consequences" (People v Grogan, 260 NY 138, 144 [1932]; see Vehicle and Traffic Law § 1212). While the proof in this case may be sufficient to sustain a civil suit, we find no criminal or culpable negligence. There was no evidence that defendant operated her car in wilful or wanton disregard of the rights of others. Defendant was not intoxicated or impaired; she did not speed or disobey traffic signals; she checked her rear view and driver's side mirrors before executing the turn; and attempted, albeit unsuccessfully, to stop the vehicle in the seconds after the collision and avoid striking the pedestrian.
Defendant's remaining contentions are either academic or unpreserved for appellate review.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 07, 2018