People v Donigan (2022 NY Slip Op 00187)





People v Donigan


2022 NY Slip Op 00187


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2018-10800
 (Ind. No. 2798/16)

[*1]The People of the State of New York, respondent,
v
Nelson Donigan, appellant.


Patricia Pazner, New York, NY (Nao Terai and David P. Greenberg of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Matthew C. Harnisch of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie Leach, J.), rendered August 28, 2018, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of marihuana in the second degree, and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, without a hearing (John Zoll, J.), of those branches of the defendant's motion which were to controvert a search warrant and to suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
On December 1, 2016, at approximately 5:45 a.m., police officers executed a warrant to search a house in Queens where the defendant lived, along with other members of his family. In the basement bedroom, which the defendant shared with his wife, police recovered $11,939 in cash, a scale, and a bullet proof vest. In an adjacent storage area, which was separated from the bedroom by a partial cement wall and an open curtain, police found approximately six pounds of marihuana in an opaque plastic bag and a .40 caliber firearm, which was loaded with 12 rounds of ammunition.
The defendant was arrested and charged with criminal possession of a weapon in the second degree (two counts) (Penal Law § 265.03[1][b]; [3]), criminal possession of marihuana in the second degree (id. former § 221.25), and criminal possession of a weapon in the third degree (id. § 265.02 [01]). After a nonjury trial, the defendant was convicted of all four counts.
Contrary to the defendant's contention, the evidence presented to the magistrate, including the confidential informant's sworn and recorded testimony, established probable cause for the issuance of the subject search warrant (see People v Chisholm, 136 AD3d 1050, 1051; People v Harrison, 6 AD3d 723, 723).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's constructive possession of the firearm and the marihuana, and thus, his guilt of the [*2]crimes of which he was convicted. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the fact finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER and JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court