People v Castro (2022 NY Slip Op 00874)





People v Castro


2022 NY Slip Op 00874


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2021-00380
 (Ind. No. 20-00159)

[*1]The People of the State of New York, appellant,
v
Jason Castro, respondent.


Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher, Renada N. Lewis, and Robert Feliu of counsel), for appellant.
Larkin Ingrassia, LLP, Newburgh, NY (John Ingrassia and Brittany A. Kessler of counsel), for respondent.



DECISION & ORDER
Appeal by the People from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated December 11, 2020, which granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient.
ORDERED that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient is denied, the indictment is reinstated, and the matter is remitted to the County Court, Rockland County, for further proceedings on the indictment.
On October 13, 2019, at approximately 3:15 p.m., a Volkswagen, which was driven by the defendant, and another vehicle, a Porsche, were involved in a fatal accident on Route 304 in Pearl River. The defendant was indicted on charges of manslaughter in the second degree (two counts) (Penal Law § 125.15[1]) and reckless driving (see Vehicle and Traffic Law § 1212). In an order dated December 11, 2020, the County Court granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient. The People appeal.
A court reviewing the legal sufficiency of an indictment must view the evidence in the light most favorable to the People and determine whether the evidence, if unexplained and uncontradicted, would be legally sufficient to support a verdict of guilt after trial (see People v Jensen, 86 NY2d 248, 251; People v Jennings, 69 NY2d 103; People v Smaragdas, 27 AD3d 769). Legally sufficient evidence is defined in CPL 70.10(1) as "competent evidence which, if accepted as true, would establish every element of an offense charged." "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (People v Bello, 92 NY2d 523, 526; see People v Deegan, 69 NY2d 976, 978-979). This Court's inquiry is limited to assessing whether the facts, if proven, and the logical inferences flowing therefrom, supply proof of each element of the charged crimes (see People v Bello, 92 NY2d at 526). The existence of innocent inferences arising from the evidence has no bearing upon the legal sufficiency inquiry (see People v Deegan, 69 NY2d 976).
A person is guilty of manslaughter in the second degree when he or she recklessly causes the death of another person (Penal Law § 125.15[1]). "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he [or she] is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05[3]). In the context of automobile accidents involving speeding, "the culpable risk-creating conduct necessary to support a finding of recklessness or criminal negligence generally requires some additional affirmative act aside from driving faster than the posted speed limit" (People v Asaro, 21 NY3d 677, 684 [internal quotation marks omitted]; see People v Cabrera, 10 NY3d 370, 377).
Here, viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to support the charges of manslaughter in the second degree (see People v Asaro, 21 NY3d at 684; People v Garner, 144 AD3d 940, 940; People v Keller, 77 AD3d 852, 853; People v Wolz, 300 AD2d 606, 606; cf. People v Acevedo, 187 AD3d 1030, 1032-1033). The evidence before the grand jury, if accepted as true, established that in addition to traveling at the excessive rate of speed of approximately 80 to 90 miles per hour, the defendant's vehicle and the Porsche were weaving in and out of traffic, without braking or signaling. As the Porsche and the defendant's vehicle approached a sharp bend in the roadway, they were traveling side-by-side, with the Porsche in the left lane. The defendant's vehicle struck the Porsche while attempting to enter the left lane, which caused the Porsche to hit the left hand curb of the roadway and fly "at least a couple of hundred feet" in the air before coming to rest "at the bottom of the highway." Two passengers riding in the Porsche were killed. Although the defendant told a police sergeant at the scene that he did not see the Porsche when he attempted to maneuver his vehicle into the left lane and believed that the Porsche was in his blind spot, he also stated that he was "kind of racing" with the Porsche (see People v Asaro, 21 NY3d at 684; People v Keller, 77 AD3d at 853).
Further, viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to support the charge that the defendant engaged in reckless driving by driving his vehicle "in a manner which unreasonably interfere[d] with the free and proper use of the public highway, or unreasonably endanger[ed] users of the public highway" (Vehicle and Traffic Law § 1212; see People v McGrantham, 12 NY3d 892, 894; People v Fuentes, 27 AD3d 481; cf. People v Pino, 162 AD3d 910).
Accordingly, that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient should have been denied.
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court