People v Holloway (2022 NY Slip Op 06716)

People v Holloway

2022 NY Slip Op 06716

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-08252
 (Ind. No. 695/20)

[*1]The People of the State of New York, appellant,
v
Saquan Holloway, respondent.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, Emily Aguggia, and Mariana Zelig of counsel), for appellant.
Steven Goldenberg, Chappaqua, NY, for respondent.

DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Stephanie Zaro, J.), dated May 21, 2021. The order, insofar as appealed from, granted that branch of the defendant's omnibus motion which was to dismiss the two counts of the indictment charging him with criminal possession of a weapon in the second degree on the ground that the evidence presented to the grand jury was legally insufficient.
ORDERED that the order is affirmed insofar as appealed from.
On May 18, 2020, at approximately 6:20 a.m., police officers executed a warrant to search a house in Queens where the defendant and two other adults were present. Pursuant to a separate search warrant, the police recovered a loaded .38-caliber revolver from a Volkswagen Touareg (hereinafter the vehicle) parked behind the house. The defendant was arrested and charged by a grand jury indictment with, among other things, two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03[1][b]; [3]). By order dated May 21, 2021, the Supreme Court, inter alia, granted that branch of the defendant's omnibus motion which was to dismiss the two weapons possession charges against him on the ground that the evidence presented to the grand jury was legally insufficient to sustain those charges. The People appeal.
A court reviewing the legal sufficiency of an indictment must view the evidence in the light most favorable to the People and determine whether the evidence, if unexplained and uncontradicted, would be legally sufficient to support a verdict of guilt after trial (see People v Mills, 1 NY3d 269, 274-275; People v Castro, 202 AD3d 815, 816). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged" (CPL 70.10[1]; see People v Mills, 1 NY3d at 274; People v Castro, 202 AD3d at 816). "In the context of grand jury proceedings, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (People v Mills, 1 NY3d at 274 [internal quotation marks omitted]; see People v Bello, 92 NY2d 523, 526; People v Castro, 202 AD3d at 816). This Court's inquiry is limited to assessing whether the facts, if proven, and the logical inferences flowing therefrom, supply proof of each element of the charged crimes (see People v Bello, 92 NY2d at 526; People v Castro, 202 AD3d at 816).
A person is guilty of criminal possession of a weapon in the second degree under Penal Law § 265.03(1)(b) when "with intent to use the same unlawfully against another, such person . . . possesses a loaded firearm." A person is guilty of criminal possession of a weapon in the second degree under Penal Law § 265.03(3) when a "person possesses any loaded firearm," inter alia, outside of his or her home or place of business. A defendant may be found to possess a firearm through actual, physical possession, or through constructive possession (see People v Donigan, 201 AD3d 731, 732). To establish constructive possession, "the People must show that [such person] exercised dominion or control over the [firearm] by a sufficient level of control over the area in which the [firearm] is found or over the person from whom the [firearm] is seized" (People v Manini, 79 NY2d 561, 573 [internal quotation marks omitted]; see People v Rodriguez, 98 AD3d 530, 533).
Here, viewed in the light most favorable to the People, the evidence was legally insufficient to establish the defendant's constructive possession of the firearm found in the vehicle, which was unoccupied and parked outside the house where the defendant was arrested. Contrary to the People's contention, they did not present prima facie proof that the defendant owned, rented, had control over, or had a possessory interest in the vehicle at the time the police found the firearm therein (see People v Manini, 79 NY2d at 573; People v Pearson, 75 NY2d 1001, 1002).
The People's remaining contentions are without merit.
Accordingly, the Supreme Court properly dismissed the two counts of the indictment charging the defendant with criminal possession of a weapon in the second degree.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court