People v Dunn (2024 NY Slip Op 05808)

People v Dunn

2024 NY Slip Op 05808

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2020-08459
2021-01037
 (Ind. No. 1937/19)

[*1]The People of the State of New York, appellant,
v
Leroy Dunn, respondent.
The People, etc., appellant,
v Anthony Frazier, respondent.
The People, etc., appellant,
v Chief PonceDeLeon, respondent.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Eva A. Oginar, and Michael Bierce of counsel), for appellant.
Mark Diamond, Pound Ridge, NY, for respondent Leroy Dunn.
Steven A. Feldman, Manhasset, NY, for respondent Anthony Frazier.
Craig S. Leeds, New York, NY, for respondent Chief PonceDeLeon.

DECISION & ORDER
Appeals by the People from (1) an order of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), dated September 30, 2020, and (2) an order of the same court dated January 11, 2021. The order dated September 30, 2020, insofar as appealed from, upon reargument, in effect, vacated a determination in an order of the same court dated July 23, 2019, denying those branches of the separate motions of the defendants Leroy Dunn, Anthony Frazier, and Chief PonceDeLeon which were to dismiss the count of the indictment charging gang assault in the second degree insofar as asserted against each of them on the ground that the evidence presented to the grand jury was legally insufficient, and thereupon, granted those branches of the separate motions. The order dated January 11, 2021, insofar as appealed from, in effect, upon reargument, adhered to that prior determination made upon reargument in the order dated September 30, 2020.
ORDERED that the appeal from the order dated September 30, 2020, is dismissed, as the portion of that order appealed from was superseded by the order dated January 11, 2021, made, in effect, upon reargument; and it is further,
ORDERED that the order dated January 11, 2021, is affirmed insofar as appealed from.
The defendants Leroy Dunn, Anthony Frazier, and Chief PonceDeLeon (hereinafter collectively the defendants), and another, were charged in an indictment with, among other crimes, [*2]gang assault in the second degree (Penal Law § 120.06) under a theory of accessorial liability. The charges arise from an incident in March 2019, during which an individual (hereinafter the victim) was chased by another group of individuals (hereinafter the pursuers) and was ultimately shot and killed by one of the pursuers. The evidence submitted to the grand jury included surveillance video which appears to show that the defendants were standing on a sidewalk when they witnessed the victim and pursuers pass by, whereupon the defendants began following the pursuit. The surveillance video further appears to show that the defendants noticed the victim hiding, alerted the pursuers to the victim's location after it appeared that he would escape detection, waited to witness the conflict that would ensue, and then fled at the sound of gunfire.
The defendants separately moved to dismiss the indictment insofar as asserted against each of them, and in an order dated July 23, 2019, the Supreme Court denied the separate motions. The defendants separately moved for leave to reargue their prior motions, and the People opposed. In an order dated September 30, 2020, the court granted reargument and, upon reargument, inter alia, granted the defendants' separate motions to dismiss the indictment insofar as asserted against each of them because the evidence presented to the grand jury failed to demonstrate the requisite intent.
The People moved for leave to reargue their opposition to those branches of the defendants' separate motions which were to dismiss the count of the indictment charging gang assault in the second degree insofar as asserted against each of them. In an order dated January 11, 2021, the Supreme Court, in effect, upon reargument, adhered to its prior determination made upon reargument in the order dated September 30, 2020, granting those branches of each of the separate motions. The People appeal.
"A court reviewing the legal sufficiency of an indictment must view the evidence in the light most favorable to the People and determine whether the evidence, if unexplained and uncontradicted, would be legally sufficient to support a verdict of guilt after trial" (People v Holloway, 210 AD3d 1007, 1007; see CPL 210.20[1][b]; People v Jensen, 86 NY2d 248, 251). "In the context of grand jury proceedings, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (People v Holloway, 210 AD3d at 1008 [internal quotation marks omitted]; see People v Bello, 92 NY2d 523, 526). "This Court's inquiry is limited to assessing whether the facts, if proven, and the logical inferences flowing therefrom, supply proof of each element of the charged crimes" (People v Holloway, 210 AD3d at 1008; see People v Bello, 92 NY2d at 526). "The existence of innocent inferences arising from the evidence has no bearing upon the legal sufficiency inquiry" (People v Castro, 202 AD3d 815, 816; see People v Deegan, 69 NY2d 976, 979).
A person is guilty of gang assault in the second degree when he or she, "with intent to cause physical injury to another person and when aided by two or more other persons actually present, . . . causes serious physical injury to such person" (Penal Law § 120.06; see People v Sanchez, 13 NY3d 554, 564). Physical injury means "impairment of physical condition or substantial pain" (Penal Law § 10.00[9]) and does not include "petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives" (Matter of Philip A., 49 NY2d 198, 200 [internal quotation marks omitted]; see People v Henderson, 92 NY2d 677, 680; People v Tabachnik, 131 AD2d 611, 611-612). "An intent to commit a crime can be inferred from the circumstances of the case" (People v Wearon, 167 AD3d 784, 785).
"When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he [or she] solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct" (Penal Law § 20.00). "'Inasmuch as the statute requires that the accomplice act with the mental culpability required for the commission of the underlying crime, an accomplice must have a shared intent, or community of purpose with the principal'" (People v Guerrero, 150 AD3d 883, 884, quoting People v Carpenter, 138 AD3d 1131, 1131 [internal quotation marks omitted]). A defendant's "'mere presence at the scene of a crime, even with knowledge that the crime is taking place, or mere association with a perpetrator of a crime, is not enough for accessorial liability'" (People v Lopez, 137 AD3d 1166, 1167, quoting Matter of Tatiana [*3]N., 73 AD3d 186, 190-191). Moreover, a person cannot be criminally liable under Penal Law § 20.00 "merely on the basis that, in retrospect, we may say that in an objective sense this person was helpful or of use to the actual perpetrator of the crime" (People v La Belle, 18 NY2d 405, 412).
Here, viewed in the light most favorable to the People, the evidence was legally insufficient to establish the defendants' respective intents to cause physical injury to the victim. There was no evidence that the defendants shared or even knew the pursuers' intent (see People v Smith, 87 AD3d 1169, 1171; People v Letizia, 122 AD2d 555, 555-556; see also People v Lopez, 137 AD3d at 1168). Moreover, even if, as the People contend, the evidence established that the defendants wanted to see a fight, this was insufficient to establish that the defendants intended to cause physical injury to the victim (see Matter of Philip A., 49 NY2d at 200).
Accordingly, upon granting the People leave to reargue, the Supreme Court properly adhered to its prior determination upon reargument granting those branches of the defendants' separate motions which were to dismiss the count of the indictment charging gang assault in the second degree insofar as asserted against each of them.
The remaining contentions of Dunn and PonceDeLeon either are without merit or need not be reached in light of our determination.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court