People v Zino

2026 NY Slip Op 02425

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, appellant,

v

Rony Zino, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-05765, (Ind. No. 74215/23)

Lara J. Genovesi, J.P.

William G. Ford

Helen Voutsinas

Donna-Marie E. Golia, JJ.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel), for appellant.

Nicholas Dayan, Kew Gardens, NY, for respondent.

[*1]

DECISION & ORDER

Appeal by the People from an order of the Supreme Court, Queens County (Michael Aloise, J.), dated May 28, 2024. The order, insofar as appealed from, granted that branch of the defendant's omnibus motion which was to dismiss the counts of the indictment charging him with criminally negligent homicide and reckless driving on the ground that the evidence presented to the grand jury was legally insufficient.

ORDERED that the order is affirmed insofar as appealed from.

On October 11, 2023, a vehicle operated by the defendant allegedly struck a pedestrian crossing the street. The pedestrian died as a result of the injuries sustained in the accident. The defendant was arrested and charged by grand jury indictment with, among other crimes, criminally negligent homicide (Penal Law § 125.10) and reckless driving (Vehicle and Traffic Law § 1212). The defendant moved, inter alia, to dismiss the indictment. In an order dated May 28, 2024, the Supreme Court, among other things, granted that branch of the defendant's omnibus motion which was to dismiss the counts of the indictment charging him with criminally negligent homicide and reckless driving on the ground that the evidence presented to the grand jury was legally insufficient to sustain those charges. The People appeal.

A court reviewing the legal sufficiency of an indictment must view the evidence in the light most favorable to the People and determine whether the evidence, if unexplained and uncontradicted, would be legally sufficient to support a verdict of guilt after trial (see People v Jensen, 86 NY2d 248, 251; People v Holloway, 210 AD3d 1007, 1007). In the context of grand jury proceedings, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt (see People v Bello, 92 NY2d 523, 526; People v Dunn, 232 AD3d 806, 808). This Court's inquiry is limited to assessing whether the facts, if proven, and the logical inferences flowing therefrom, supply proof of each element of the charged crimes (see People v Dunn, 232 AD3d at 808; People v Holloway, 210 AD3d at 1008). The existence of innocent inferences arising from the evidence has no bearing upon the legal sufficiency inquiry (see People v Deegan, 69 NY2d 976, 979; People v Castro, 202 AD3d 815, 816).

"A person is guilty of criminally negligent homicide when, with criminal negligence, he [or she] causes the death of another person" (Penal Law § 125.10). A person acts with criminal negligence in this context when that person "fails to perceive a substantial and unjustifiable risk" that [*2]death will result (id. § 15.05[4]; see People v Gaworecki, 37 NY3d 225, 230). "[T]he carelessness required for criminal negligence is appreciably more serious than that for ordinary civil negligence, and . . . the carelessness must be such that its seriousness would be apparent to anyone who shares the community's general sense of right and wrong" (People v Boutin, 75 NY2d 692, 695-696). "Moreover, criminal negligence requires a defendant to have engaged in some blameworthy conduct creating or contributing to a substantial and unjustifiable risk of a proscribed result; nonperception of a risk, even if the proscribed result occurs, is not enough" (People v Conway, 6 NY3d 869, 872 [brackets and internal quotation marks omitted]; see People v Cabrera, 10 NY3d 370, 376). Here, the evidence presented to the grand jury, viewed in the light most favorable to the People, did not demonstrate that the defendant's conduct rose to the level of moral blameworthiness required to sustain a charge of criminally negligent homicide (see People v McGrantham, 12 NY3d 892, 894; People v Cabrera, 10 NY3d at 377).

In addition, the Supreme Court properly dismissed the count of the indictment charging the defendant with reckless driving (see Vehicle and Traffic Law § 1212). The evidence, viewed in the light most favorable to the People, was legally insufficient to support the charge that the defendant operated his vehicle "under such circumstances as to show a reckless disregard of the consequences" (People v Grogan, 260 NY 138, 144; see People v Pino, 162 AD3d 910, 912).

Accordingly, the Supreme Court properly granted that branch of the defendant's omnibus motion which was to dismiss the counts of the indictment charging him with criminally negligent homicide and reckless driving on the ground that the evidence presented to the grand jury was legally insufficient.

GENOVESI, J.P., FORD, VOUTSINAS and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court