People v Symns
2026 NY Slip Op 03325
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, appellant,
v
Kelechi Symns, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2025-06138, (Ind. No. 72555-24)
Cheryl E. Chambers, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for appellant.
Ian T. Fitzgerald, Hampton Bays, NY, for respondent.

[*1]
DECISION & ORDER
Appeal by the People from an order of the County Court, Suffolk County (Anthony S. Senft, Jr., J.), dated March 13, 2025. The order granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence before the grand jury was legally insufficient.
ORDERED that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence before the grand jury was legally insufficient is denied, the indictment is reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.
A grand jury indicted the defendant on two counts of robbery in the first degree and one count of robbery in the second degree for allegedly acting in concert with two other individuals to rob the complainant at gunpoint upon evidence that a few days prior to the robbery, the defendant, who knew the complainant, was told by his two accomplices that they intended to rob the complainant. On the day of the robbery, the defendant picked up his two accomplices and informed them that he planned to meet the complainant at a park to smoke marijuana. One of the accomplices reiterated the plan to rob the complainant and displayed a firearm. The defendant then drove his two accomplices towards the park where he was meeting the complainant and dropped them off nearby. The defendant met the complainant in the park and hung out in the complainant's vehicle before the two accomplices approached, pointed a firearm at the complainant, and forced him out of his car. The defendant was not forced to the ground, and he "went along with it." The accomplices searched the complainant's car and took $3,000 in cash from the center console. After his accomplices fled, the defendant told the complainant that he would look for them and drove off. The defendant then picked up his two accomplices, who were still masked, and dropped them at another location. The defendant did not receive any of the stolen cash and later convinced the complainant not to report the robbery to law enforcement.
The defendant moved, inter alia, to dismiss the indictment on the ground that the evidence before the grand jury was legally insufficient to establish his commission of the offenses charged. The People opposed the motion. In an order dated March 13, 2025, the County Court granted that branch of the defendant's motion. The People appeal.
"'A court reviewing the legal sufficiency of an indictment must view the evidence in the light most favorable to the People and determine whether the evidence, if unexplained and uncontradicted, would be legally sufficient to support a verdict of guilt after trial'" (People v Dunn, 232 AD3d 806, 808, quoting People v Holloway, 210 AD3d 1007, 1007; see People v Mills, 1 NY3d 269, 274-275). "'In the context of grand jury proceedings, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt'" (People v Dunn, 232 AD3d at 808, quoting People v Holloway, 210 AD3d at 1007; see People v Bello, 92 NY2d 523, 526). "'This Court's inquiry is limited to assessing whether the facts, if proven, and the logical inferences flowing therefrom, supply proof of each element of the charged crimes'" (People v Dunn, 232 AD3d at 808, quoting People v Holloway, 210 AD3d at 1008; see People v Bello, 92 NY2d at 526). "'The existence of innocent inferences arising from the evidence has no bearing upon the legal sufficiency inquiry'" (People v Dunn, 232 AD3d at 808, quoting People v Castro, 202 AD3d 815, 816).
"When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct" (Penal Law § 20.00). "'Inasmuch as the statute requires that the accomplice act with the mental culpability required for the commission of the underlying crime, an accomplice must have a shared intent, or community of purpose with the principal'" (People v Guerrero, 150 AD3d 883, 884 [internal quotation marks omitted], quoting People v Carpenter, 138 AD3d 1130, 1131; see People v Dunn, 232 AD3d at 809). "A defendant's mere presence at the scene of a crime, even with knowledge that the crime is taking place, or mere association with a perpetrator of a crime, is not enough for accessorial liability" (People v Dunn, 232 AD3d at 809; see People v Lopez, 137 AD3d 1166, 1167). Intent can be established from an act itself, or from the accessory's conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301; People v Mendez, 34 AD3d 697, 698).
Viewing the evidence in the light most favorable to the People, the evidence was legally sufficient to establish the defendant's commission of the charged crimes as an accomplice. The defendant's conduct before, during, and after the commission of the robbery established his shared intent to commit the crime of robbery (see People v Fisher, 116 AD3d 968, 969-970; Matter of Kenyatta F., 49 AD3d 540, 541; Matter of Louis C., 6 AD3d 430, 431).
Accordingly, we reverse the order appealed from, deny that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence before the grand jury was legally insufficient, reinstate the indictment, and remit the matter to the County Court, Suffolk County, for further proceedings on the indictment.
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court